IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff/Stakeholder,<br><br>v.<br><br>ELEONORE M. CULL and LINDA A. CULL, as Trustee of the JOHN J. CULL LIVING TRUST,<br><br>Defendants/Claimants | Case No. 1:13-cv-05957 |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff/Stakeholder The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), by its undersigned counsel, for its Complaint for Interpleader Relief pursuant to Rule 22 of the Federal Rules of Civil Procedure, against Defendants/Claimants Eleonore M. Cull and Linda Cull, as Trustee of the John J. Cull Living Trust, states as follows:

PARTIES

1. Plaintiff/Stakeholder Northwestern Mutual is an insurance company incorporated under the laws of Wisconsin with its principal place of business in Milwaukee, Wisconsin.

2. Defendant/Claimant Eleonore M. Cull ("Eleonore") is the former wife of John J. Cull, Jr., deceased ("Decedent"), and a citizen of the State of Illinois, residing at 18744 Delta Rd., Homewood, IL 60430.

3. Defendant/Claimant Linda A. Cull was married to the Decedent at the time of his death, and is a citizen of the State of Illinois, residing at 22 W315 Stanton Road, Glen Ellyn, IL 60137.

1586897.1

JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is complete diversity between Northwestern Mutual and both claimants, and Northwestern Mutual seeks to deposit the amount in controversy ("Proceeds in dispute"), which is in excess of the required amount of $75,000.00, with the Clerk of this Court.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and several claimants reside within this jurisdiction.

FACTUAL BACKGROUND

6. On May 5, 2013, John J. Cull, Jr. died.

7. Decedent owned two life insurance policies on his life issued by Northwestern Mutual, Policy No. 6099357 and Policy No. 6760227, in the respective amounts of $53,064, and $170,664 at the time of his death.

8. In September 1999, Decedent designated himself "and/or Linda A. Cull, Trustees or their successors in Trust, under the John J. Cull Living Trust, dated January 8, 1998, and any amendments thereto" ("Linda") as primary beneficiary of both policies. True and correct copies of the beneficiary designations for both policies are attached hereto as **Exhibit 1**.

9. Under the terms of the policies, and on account of the death of the Decedent, whose life was insured under the policies, Northwestern Mutual became obligated to pay the sums due under the policies in the total amount of $223,728.00 plus applicable interest, if any. ("Proceeds")

10. On July 15, 2013, Northwestern Mutual was notified by Attorney Richard A. Wilson on behalf of Decedent's previous wife Eleonore that she was asserting a right to

1586897.1

$125,000.00 of the Proceeds pursuant to the terms of the Judgment of Dissolution of Marriage dated February 19, 1980 between her and the Decedent. A true and correct copy of Attorney Wilson's July 15, 2013 letter to Northwestern Mutual is attached hereto as **Exhibit 2**.

11. Attorney Wilson argued that Eleonore was entitled to $125,000.00 of the Proceeds based on the following provision in the Judgment of Dissolution:

[…]

8. The husband has had issued on his life certain policies of insurance in the total face value of $192,000.00. A list of those policies is attached hereto as Exhibit A. While the Husband has any obligations under this agreement to the Wife and the children of the parties, the Husband shall designate the Wife and the children as irrevocable beneficiaries of those policies. […] However, in no event will the amount of insurance to be maintained be less than $125,000.00.

A true and completed copy of the Judgment of Dissolution of Marriage is attached hereto as **Exhibit 3**.

12. Exhibit A attached to the Judgment of Dissolution of Marriage includes Northwestern Mutual policies Nos. 6099357 and 6760227.

13. On July 19, 2013, Northwestern Mutual informed the named beneficiary, Linda, of Eleonore's claim, asking her to come to an agreement with Eleonore. Northwestern Mutual informed Linda that absent such agreement, it would consider an interpleader of the disputed portion of the Proceeds. A true and correct copy of Northwestern Mutual's July 19, 2013 letter is attached hereto as **Exhibit 4.**

14. The remainder of the Proceeds not in dispute has been paid to Linda.

15. In correspondence to Northwestern Mutual dated August 1, 2013, Linda, through Attorney E. Paul Lanphier, contested Eleonore's assertions and requested payment of the entire Proceeds. A true and correct copy of Attorney Lanphier's August 1, 2013 letter to Northwestern Mutual is attached hereto as **Exhibit 5**.

1586897.1

16. Attorney Wilson responded to Mr. Lanphier's August 1, 2013 correspondence in a letter to Northwestern Mutual dated August 5, 2013, indicating agreement with an interpleader action by Northwestern Mutual. A true and correct copy of Attorney Wilson's August 5, 2013 letter is attached hereto as **Exhibit 6**.

17. Attorney Wilson followed up in correspondence dated August 7, 2013, requesting that the portion of the Proceeds in dispute would not be disbursed absent court order or settlement and threatening Northwestern Mutual with legal action. A true and correct copy of Attorney Wilson's August 7, 2013 letter is attached hereto as **Exhibit 7**.

18. To date, the Claimants have been unable to reach an agreement regarding the portion of the Decedent's insurance Proceeds in dispute.

BASIS FOR INTERPLEADER RELIEF

19. Northwestern Mutual is willing to pay all of the Proceeds due and owing on account of the death of the insured John J. Cull, Jr. pursuant to the provisions of the policies and applicable law. However, because there are multiple actual rival, adverse and conflicting claims to a portion of the Proceeds in the amount of $125,000.00 under the policies, in that Decedent's former wife Eleonore is contesting the validity of the beneficiary designation, naming Linda as primary beneficiary, and is asserting a claim to the portion in dispute, Northwestern Mutual cannot safely do so.

20. Therefore, Northwestern Mutual has been unable to discharge its admitted liability fully without exposing itself to multiple liabilities, multiple litigation or both.

21. Northwestern Mutual should not be compelled to become involved in the disputes or contentions of the Claimants or determine whether or not Eleonore has a viable claim to the portion of the Proceeds in dispute under governing law. The Claimants should be ordered to

4

litigate among themselves without further involving Northwestern Mutual.

22. Northwestern Mutual has filed this Complaint for Interpleader relief of its own free will to avoid multiple liabilities, multiple litigation, or both.

## RELIEF SOUGHT

WHEREFORE, Plaintiff/Stakeholder The Northwestern Mutual Life Insurance Company asks for the following relief:

a. That this court grant leave to The Northwestern Mutual Life Insurance Company to deposit the portion of the life insurance Proceeds in dispute in the amount of $125,000.00 plus applicable interest, if any, into the registry of this Court, until the issue of entitlement to these Proceeds is adjudicated;

b. That the Defendants/Claimants Eleonore M. Cull and Linda A. Cull, as Trustee of the James J. Cull Living Trust be enjoined from instituting or prosecuting against The Northwestern Mutual Life Insurance Company any proceeding in any state or federal court or administrative tribunal affecting any portion of the Proceeds due under the Policy on account of the death of James J. Cull, Jr. and that said injunction issue without bond or surety;

c. That the Defendants/Claimants, and each of them, be required to make full and complete answer to the Complaint for Interpleader relief and to set forth to which of them the portion of the insurance Proceeds in dispute rightfully belongs and how they make their claims thereto;

d. That this Court determine and declare the rights of the Defendants/Claimants, and each of them, to the portion of the insurance Proceeds in dispute and due and owing under the Policy;

e. That the Court discharge The Northwestern Mutual Life Insurance Company of and from any and all liability for any life insurance Proceeds payable on account of the death of James J. Cull, Jr.;

f. That this Court excuse The Northwestern Mutual Life Insurance Company from further attendance upon this cause and dismiss The Northwestern Mutual Life Insurance Company from this case with prejudice;

g. That this Court grant The Northwestern Mutual Life Insurance Company such other and further relief as this Court deems just and equitable including its attorneys' fees incurred in filing and prosecuting this

5

1586897.1

Complaint for Interpleader Relief, said sum to be deducted from the portion of the insurance Proceeds in dispute and due and owing under the Policy.

Dated: August 21, 2013          Respectfully submitted,

**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**, Plaintiff/Stakeholder

By:    */s/ Edna S. Kersting*
         One of Its Attorneys

Edna S. Kersting
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 821-6162
(312) 704-1522
Edna.Kersting@wilsonelser.com

6

1586897.1