IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORTHWESTERN MUTUAL LIFE      )
INSURANCE COMPANY,            )
                             )
    Plaintiff/Counterdefendant,)
                             )
    v.                       )      No.  13 C 5957
                             )
LINDA A. CULL as Trustee, etc., )
                             )
    Defendant/Counterplaintiff.)

MEMORANDUM

Northwestern Mutual Life Insurance Company ("Northwestern

Mutual"), the issuer of a policy providing $125,000 of insurance

coverage on the life of the late John Cull ("John"), has found

itself confronted by competing claims to the policy proceeds:

one by Linda Cull as Trustee of the John J. Cull Living Trust

("Linda," who was John's second wife and was married to him at

the time of his death on May 5, 2013), and the other by Eleonore

Cull ("Eleonore," who was John's first wife and was married to

him until their divorce on February 20, 1980).  As frequently

occurs in such competing-claim situations, Northwestern Mutual

has brought a Complaint for Interpleader Relief against both

claimants,[1] hoping to deposit the insurance proceeds with the

Clerk of Court and get out of the way (and out of the lawsuit) so

that Linda and Eleonore can duke it out.

---

[1] Because there is complete diversity of citizenship
between Northwestern Mutual and  both claimants, federal subject
matter jurisdiction is conferred by 28 U.S.C. §1332.

Linda, who as Trustee was designated as primary beneficiary of the Northwestern Mutual policy as of the date of John's death, has filed her responsive pleadings to the Complaint. "Pleadings" is stated in the plural because they comprise not only an Answer to the Complaint but also a Counterclaim against Northwestern Mutual, asserting that its failure to honor Linda's claim as Trustee by paying the insurance proceeds to her immediately, rather than filing its lawsuit here, was "vexatious and unreasonable and warrants the imposition of damages pursuant to the provisions of 255 ILCS 5/155" (Counterclaim ¶18).[2] This sua sponte memorandum is prompted by that Counterclaim and by this Court's threshold concern--based on the documents supplied in conjunction with the pleadings to date--as to whether Linda's attorney has thought matters through in advancing that claim.

As already stated, Eleonore's counsel has also made a demand on Northwestern Mutual. In his July 15, 2013 letter to the company (Counterclaim Ex. D), counsel points to the 1980 Judgment for Dissolution of Marriage and its incorporation of the couple's February 19, 1980 Separation Agreement ("Agreement," reproduced in Counterclaim Ex. B), more specifically the portions of Agreement ¶8 that had addressed John's obligation to maintain a life insurance policy in the amount of $125,000 for the sole

---

[2] That citation is wrong--it's 215 ILCS rather than 255 ILCS. Further references to the statute will take the form "Section --," omitting the prefatory "215 ILCS."

and exclusive benefit of Eleonore as its sole and irrevocable beneficiary--the excerpts from that paragraph on which Eleonore's counsel seeks to rely read in part:

> While the Husband has any obligations under this agreement to the wife and the children of the parties, the Husband shall designate the Wife and the children as irrevocable beneficiaries of those policies.

> *       *       *

> However, in no event will the amount of insurance to be maintained be less than $125,000.

> *       *       *

> The Husband retains the right to borrow monies using those insurance policies as collateral but in no event may any such loans reduce the net death benefit below $125,000.

Those excerpts, quoted in counsel's July 15 letter, are selective in nature, and of course the rights created by the Agreement will have to be determined on the basis of the entire paragraph rather than those excerpts alone.[3]

What is quite plain is that Eleonore and her counsel are not going away--counsel's July 15 letter concludes in this manner:

> Accordingly, we anticipate that Northwestern Mutual will immediately issue a certified check in the name of Eleonore Maria Cull according to and consistent with the terms of the Separation Agreement.

---

[3]  This memorandum has been carefully framed to avoid expressing this Court's views on the merit or lack of merit in either claimant's legal position.  That subject will be the ultimate question to be resolved in the action brought by Northwestern Mutual.  Instead what has been said to this point forms the background predicate for what follows in the text.

And that means that if Northwestern Mutual had acceded to Linda's like demand, which has been renewed in her Counterclaim, Linda would have become embroiled in any event in litigation with Eleonore (with the latter seeking to advance her claim to the $125,000 then in Linda's possession).

That said, it also seems plain that any claim by Linda under Section 5/155 for an award of attorney's fees (which is part of the relief sought in the Counterclaim) would be dubious. On that score it must be recognized that any attorney's fees ascribable to resolving the substantive dispute between Linda and Eleonore as to the policy proceeds would have been incurred in all events anyway--hence they could not constitute damages caused by Northwestern Mutual's filing of this action.

Moreover, Section 5/155(1), on which Linda's counsel seeks to rely, contemplates the possibility of fee awards going to as well as against an insurer depending on the circumstances.[4] Thus it is conceivable that Linda's adding her Counterclaim to the mix could result in diminishing rather than enhancing Linda's

---

[4] In that respect the statute states (ellipses reflect the omission of language that does not go to the point just made in the text):

In any action...against a company wherein there is in issue the liability of a company on a policy or policies of insurance...and it appears to the court that such action... is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees....

recovery even if she succeeded on the merits (or could result in subjecting her to liability if she did not).

Finally, other issues may of course be posed by the Counterclaim on which this Court is not now sufficiently informed to comment. For example, there is a possibility that the Northwestern Mutual policy may contain a choice of law provision that could impact on this litigation. Or it may contain its own provision as to the recoverability of attorney's fees by the insurer.

Suffice it to say that what this memorandum suggests is some further thought on the part of Linda and her counsel as to expanding the scope of this litigation by the injection of the Counterclaim. Because that suggestion is this Court's sole purpose for this memorandum's issuance, no order accompanies it.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 13, 2013